**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| LAD SERVICES OF | § | |
| LOUISIANA, L.L.C., | § | |
|     Plaintiff, | § | **CASE NO. 6:17-cv-00017** |
| | § | |
| v. | § | **JUDGE DOHERTY** |
| | § | |
| CASHMAN EQUIPMENT | § | **MAGISTRATE JUDGE HANNA** |
| CORPORATION AND | § | |
| GULP OIL SKIMMERS, LLC | § | **JURY DEMANDED** |
|     Defendants. | § | |

## MEMORANDUM IN SUPPORT OF THE AGREED MOTION FOR RELIEF FROM A FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)

**NOW INTO COURT**, through undersigned counsel, comes the plaintiff, Cashman Equipment Corp. ("Cashman") and the defendants, LAD Services of Louisiana, LLC and Lee Dragna (collectively referred to herein as the "Defendants"), who move to withdraw the dismissal order under Federal Rule of Civil Procedure 60(b) because of the dispute regarding the reported settlement that was the basis for the dismissal of this case.

**I**.     **Factual Background**

1.     In December 2016, LAD filed its Original Petition for Damages, in the Louisiana state courts, alleging causes of action against two defendants: Cashman Equipment Corporation and Gulp Oil Skimmers, LLC.[1]

2.     In January 2017, Cashman Equipment Corporation filed its complaint in the Superior Court for Norfolk County, Massachusetts, naming as defendants LAD, Lee Dragna and the Joint Venture.[2]

---

[1] *LAD Services of Louisiana, LLC v. Cashman Equipment Corp., et al.*, CA No. 6:17-CV-00017.
[2] *Cashman Equipment Corp. v. LAD Services of Louisiana, LLC, Lee Dragna, Cashman Equipment Corp. and LAD Services, A Joint Venture*, CA No. 6:17-cv-0017-RFD-PJH.

3.      Both cases were then removed to federal courts in Louisiana and Massachusetts respectively, and were then stayed by Cashman's June, 2017, chapter 11 bankruptcy filing in the United States Bankruptcy Court for the District of Massachusetts.[3] At the time Cashman filed for Bankruptcy, a motion to transfer venue to the Louisiana District Court was pending before this Court.[4]

4.      After Cashman filed for bankruptcy protection, LAD filed a proof of claim in the bankruptcy.[5] The Massachusetts Bankruptcy Court granted LAD's motion to lift the automatic stay to allow the parties to attempt to settle the claims asserted in the competing lawsuits, or if unsuccessful to resume litigation in the Massachusetts District Court.[6] On July 30, 2019 the parties attended a mediation with Magistrate Judge Bowler in Massachusetts and as a result, a settlement was announced on the record in open court.[7] The parties dispute whether the mediation resulted in the parties reaching agreement on the terms and form of a settlement agreement.

5.      On July 30, 2019, the District of Massachusetts having been advised of the settlement, dismissed without prejudice.[8] On August 26, 2019, the Western District of Louisiana having been advised of the settlement, dismissed without prejudice.[9] The Western District of Louisiana specifically stated in its order that it retained its inherent power to assert jurisdiction

---

[3] *In Re: Cashman Equipment Corp.*, CA No. 17-12205-MSH.
[4] *See* Court Doc. No. 11 (MA).
[5] Cashman subsequently filed an objection to LAD's claim (*See* Claim 2-2 (Bankruptcy)).
[6] *See* Court Doc. No. 1067 (Bankruptcy) attached hereto as **Exhibit A**.
[7] A copy of the transcript of the Sealed Settlement Hearing will be produced to the Court upon request for inspection *in camera* during the hearing.
[8] *See* Court Doc. No. 57 (MA) attached hereto as **Exhibit B**.
[9] *See* Court Doc. No. 56 (LA) attached hereto as **Exhibit C.**

2

over the course of the settlement under *Kokkonen v. Guardian Life*, 511 U.S. 375, 114 S.Ct. 1673 (1994).[10]

6.      Following the mediation, the parties diligently attempted to finalize the settlement.  When the parties disputed whether agreement on the terms and form of a settlement agreement, the Defendants filed the *Defendants' Motion to Enforce Settlement Agreement* (the "Motion to Enforce") [doc. no. 59] in this Court. Cashman objected to the Motion to Enforce. *See* doc. no. 62.

7.      This Agreed Motion is concurrently being filed in both the Western District of Louisiana and the District of Massachusetts in order to have both cases reinstated on its respective dockets.

8.      The parties reserve all of their rights, claims and defenses with respect to the Motion to Enforce.

## II.      Authority Under the Federal Rules of Civil Procedure

9.      Federal Rule of Civil Procedure 60(b)(6) authorizes relief from a final judgment for any other reason not specifically covered by subsections (b)(1) through (b)(5) that justifies relief.[11] A party must seek relief under Federal Rule of Civil Procedure 60(b)(6) within a reasonable time.[12]

10.     Reasonable time depends on the facts and circumstances of each case, including: (1) whether there is prejudice to the other parties; (2) the reasons for any delay; (3) the interest in finality; and (4) whether the moving party could have learned of the grounds for relief earlier. *See Lemoge v. United States*, 587 F.3d 1188, 1196-97 (9th Cir. 2009); *BUC Int'l Corp. v. Int'l*

---

[10] *Id.*
[11] FED. R. CIV. P. 60(b).
[12] FED. R. CIV. P. 60(c)(1).

3

*Yacht Council Ltd.*, 517 F.3d 271, 1275 (11th Cir. 2008); *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952(7th Cir. 2004). The parties are seeking the relief set forth in this motion within a year of the order dismissing this case and within a reasonable time after it became clear that the parties disputed whether agreement on the terms and form of a settlement announced at the mediation could be finalized. Since this is a joint motion by the parties, there is no prejudice to any party. District courts have broad discretion to grant relief under Federal Rule of Civil Procedure 60(b)(6).

11.     The failure of a settlement constitutes grounds to grant relief under for relief under Federal Rule of Civil Procedure 60(b)(6). *See Keeling v. Sheet Metal Workers International Association*, 937 F.2d 408, 410 (9th Cir. 1990)(Failure of settlement agreement constitutes grounds to reopen case under Fed. R. Civ. Proc. 60(b)(6)); *United States v. Baus*, 834 F.2d 1114 (1st Cir. 1987)(Same); *Fairfax Countywide Citizens Association v. County of Fairfax*, 571 F.2d 1299 (4th Cir. 1978)(Same); *Trade Arbed v. African Express MV*, 941 F.Supp. 68 (E.D. La. 1996)(Same). In this case, the dispute over the settlement constitutes grounds to grant this motion under Federal Rule of Civil Procedure 60(b). Granting such relief would permit the dispute over the settlement to be determined in the District Court of Massachusetts. If the Court denies the Motion to Enforce, the parties would proceed in the District Court of Massachusetts, to the extent the court exercises jurisdiction, subject to the Defendants motion to transfer venue, as contemplated by the Bankruptcy Court's order granting relief from the automatic stay.

12.     Withdrawing both dismissal orders is in the best interest of both Cashman and the Defendants.

4

13.     All parties agree that statute of limitations/prescription will not be raised as a defense to any claim or defense raised  by any of the parties upon the reinstatement of the cases by the respective District Courts or should a party be required to file or refile an action.

WHEREFORE, Cashman and the Defendants respectfully request that the Court grant this motion, vacate the dismissal of this action, acknowledge the parties stipulation regarding statute of limitations/prescription, and grant such other and further relief as may be just.

Respectfully submitted,


By: */s/ Richard Creed, Jr.*
      **RICHARD CREED, JR.** *(Attorney in Charge)*
      State Bar No. 04593
      creedlawfirm@bellsouth.net
      **CREED LAW FIRM**
      8017 Jefferson Highway
      Wolfe's Creek-Suite B3
      Baton Rouge, Louisiana  70809
      Telephone:  (225) 926-3824
      Facsimile:  (225) 926-0404


By: */s/ Kyle A. Ferachi*
      **KYLE A. FERACHI**
      State Bar No. 27458
      kferachi@mcglinchey.com
      **MCGLINCHEY STAFFORD, PLLC**
      301 Main Street, Fourteenth Floor
      Baton Rouge, Louisiana  70801
      Telephone:  (225) 382-3632
      Facsimile:  (225) 612-7026
**ATTORNEYS-IN-CHARGE FOR PLAINTIFF LAD SERVICES OF LOUISIANA, LLC**

By: */s/ Jonathan P. Lemann*
    **ROBERT E. COUHIG, JR. (#4439)**
    **JONATHAN P. LEMANN (#26380)**
    **CORY S. GRANT (#35154)**
    **COUHIG PARTNERS, LLC**
    1100 Poydras Street, Suite 3250
    New Orleans, LA 70163
    Telephone: (504) 588-1288
    Facsmile: (504) 588-9750
    Email: lemannjp@couhigpartners.com

**ATTORNEYS FOR DEFENDANT, CASHMAN EQUIPMENT CORP.**

CERTIFICATE OF SERVICE

       I hereby certify that on April 20, 2020, I filed electronically a true copy of the foregoing pleading. All parties received notice of this filing by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system. Additionally, true and correct copies of the foregoing were served by U.S. mail to non-participants of the CM/ECF system.

                                        *s/ Kyle A. Ferachi*
                                       **KYLE A. FERACHI**

622710.1